IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>Department of Justice )<br>1400 New York Ave, Bond Bldg. )<br>Washington, DC  20530 )<br>)<br>        Plaintiffs, )<br>)<br>v. )<br>)<br>PROCEEDS OF DRUG TRAFFICKING )<br>TRANSFERRED TO SWISS )<br>BANK ACCOUNTS )<br>)<br>        Defendants. )<br>                                                              ) | Case No.<br>Judge:<br>Deck Type: General Civil |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America, through its undersigned attorney, respectfully brings this complaint and alleges as follows in accordance with Supplemental Rule G of the Federal Rules of Civil Procedure:

1.  This is a civil action *in rem* brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of any property involved in, or traceable to property involved in, a violation of the anti-money laundering provisions of 18 U.S.C. §§ 1956 and 1957.

2.  This Court has subject matter jurisdiction over this action by virtue of 28 U.S.C. §§ 1345, 1355 and 18 U.S.C. § 981(a)(1)(A).

3.  Venue is appropriate in this District pursuant to 28 U.S.C. § 1355(b)(2) because the Defendant properties are located in a foreign country and have been, or will be, detained or seized pursuant to legal process or competent authority of a foreign government.  With the filing

of this Complaint, Plaintiff is seeking the issuance of a warrant of arrest *in rem* pursuant to 28 U.S.C. § 1355(b) and Supplemental Rule G(3)(c) for the funds located in certain foreign bank accounts – the Defendant properties – and will transmit the applicable warrant to the Central Authority of the foreign government pursuant to such bilateral or multilateral legal assistance agreements as do exist so that the Defendant properties can be detained or seized on this Court's behalf and thereby brought within the jurisdiction of this Court. To the extent that additional or revised warrants are necessary, the government will seek the issuance of such warrants and will cause them to be transmitted to the appropriate foreign government. The Defendant properties will thereby remain within the jurisdiction of this Court during the pendency of this action.

4. The plaintiff is the United States of America, a sovereign nation authorized to sue.

5. The Defendant properties are more particularly described as follows:

   a. Bank account number 24286 at AEBI Geneva held in the name of Bisa Trading, SA in Geneva, Switzerland.

   b. Bank account number 90543 BRE at Bank Vontobel AG held in the name of Bisa Trading, SA (or Bisa Trading Inc.) in Zurich, Switzerland.

   c. Bank account number 230-410.588 at UBS AG held in the name of Bisa Trading, SA in Zurich, Switzerland.

   d. Bank account number 206-227.458 at UBS AG held in the name of Finch Corporation in Zurich, Switzerland.

6. The Defendant properties are funds on deposit in foreign bank accounts (hereinafter referred to as the "Defendant properties" or "Defendant bank accounts") and are subject to forfeiture in the United States pursuant to 18 U.S.C. § 981(a)(1)(A), because the funds in said bank accounts were involved in transactions or attempted transactions in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(h), and 1957 (money laundering).

7. The Defendant properties are holding accounts owned and controlled by a

Colombian national (hereinafter referred to as the "Account Holder"), who is a U.S. fugitive on two indictments issued in 1993 and 1994 in the Southern District of Florida on money laundering and racketeering violations. From at least 1994, and continuing since the date of those indictments, the Account Holder has continued his money laundering and racketeering activities by purchasing drug proceeds through the Colombian black market peso exchange (hereinafter "BMPE"), and using those proceeds to (1) pay for products in the U.S. and Europe, which he then smuggled into Colombia; and (2) to fund savings and investment accounts, including the Defendant bank accounts in Switzerland.

8. The BMPE is a sophisticated trade-based money laundering system used by South American drug cartels by exploiting weaknesses in the regulation of foreign currency exchange markets to launder their drug proceeds under the guise of legitimate import activities. It is common knowledge in South America that a significant portion of imports from the United States and Europe are illegally financed using the drug dollars that are available on the black market. The products purchased using black market drug dollars are then smuggled into South America. The primary reason South American businesses commonly use drug dollars purchased on the black market to pay for products and then smuggle those products into South America is to avoid excessive government taxes and import restrictions (as much as 60 percent of the cost of the goods).

9. The Account Holder purchased drug proceeds through the BMPE and deposited them into bank accounts he controlled in the United States in the names of offshore, bearer-share corporations, including Colfesa Ltd. ("Colfesa") and Bisa Trading, SA ("Bisa"), at American Express Bank International, Miami, Florida, and Coutts International Bank, Miami, Florida. The Account Holder then transferred some of those funds to the Defendant bank accounts in

Switzerland, either directly from the United States, or by and through bank accounts controlled in other jurisdictions, including Panama.

10.     The U.S. dollars that the Account Holder purchased through the BMPE, layered through U.S. bank accounts, and ultimately transferred to the Defendant bank accounts included drug proceeds delivered to undercover U.S. Drug Enforcement Administration ("DEA") agents in the following two transactions:

- a. $399,677 in drug proceeds received by DEA agents on February 5, 2002, in Hollywood, Florida.
- b. $499,934 in drug proceeds received by DEA agents on April 4, 2002, in New York, New York.

11.     In addition to these transactions, U.S. law enforcement traced drug proceeds from ten (10) other undercover operations into the Colfesa and Bisa accounts in the United States and to the Defendant bank accounts in Switzerland. Each of the DEA undercover operations were conducted in a similar manner. That is, DEA agents posed as professional money launderers willing to launder drug proceeds for Colombian drug cartels. In each case, the agents were contacted by "money brokers" working for Colombian drug cartels, who asked the agents to pick up drug proceeds from a money courier in the United States. The agents made arrangements and met the couriers, usually in busy public places, such as shopping malls and restaurants, and the undercover agents took physical possession of the drug proceeds. After the pick-ups were executed, the agents, at the direction of the Colombian money brokers, wire transferred the funds into the Colfesa and Bisa accounts in the United States. The funds in the Defendant bank accounts originated from the Colfesa and Bisa accounts in the United States.

12.     Based on the above information, the funds in the Defendant accounts are subject to forfeiture because they were involved in money laundering transactions or attempted transactions or are traceable to such transactions.

## COUNT 1

13.     The funds in the Defendant bank accounts are subject to forfeiture because they are properties involved in money laundering transactions or attempted money laundering transactions or are traceable to such properties.

14.     The allegations in paragraphs 1 through 12 are realleged and incorporated by reference herein.

15.     The Account Holder's purchase of drug proceeds from Colombian drug cartels, by and through professional money launderers in the United States (some of whom were undercover law enforcement agents), and the transfer of such funds to the defendant bank accounts, constituted violations of one or more of the following federal statutes:

      a.    18 U.S.C. § 1956 (a)(1)(A)(i), which makes it an offense to conduct or attempt to conduct a financial transaction affecting interstate or foreign commerce, or using a financial institution whose activities affect interstate or foreign commerce, involving the proceeds of specified unlawful activity to wit: drug trafficking, knowing that the property involved in the transaction constitutes the proceeds of some form of unlawful activity, with the intent to promote the carrying on of specified unlawful activity;

      b.    18 U.S.C. § 1956(a)(1)(B)(i), which makes it an offense to conduct or attempt to conduct a financial transaction affecting interstate or foreign commerce, or using a financial institution whose activities affect interstate or foreign commerce, involving the proceeds of specified unlawful activity, to wit: drug trafficking, knowing that the property involved in the transaction constitutes the proceeds of some form of unlawful activity, and knowing that the transaction was intended to conceal and disguise the source, ownership, nature, location and control of the proceeds of the specified unlawful activity;

    c.    18 U.S.C. § 1957, which makes it an offense knowingly to engage or to attempt to engage in a monetary transaction, by, through or to a financial institution affecting interstate or foreign commerce, where the transaction involves criminally derived property having a value greater than $10,000, and where the property is in fact the proceeds of specified unlawful activity, to wit: drug trafficking; and

    d.    18 U.S.C. § 1956(h), which makes it an offense to conspire to commit any offense described in Sections 1956 and 1957.

16.    There is reason to believe that the defendant funds are property involved in money laundering transactions, in violation of 18 U.S.C. §§ 1956 or 1957, and are therefore subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, by reason of these premises plaintiff, United States of America prays:

    a.    That process of warrant issue for the arrest of the defendant funds;

    b.    That due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed;

    c.    That judgment be entered declaring the defendant properties condemned and forfeited to the United States of America for disposition in accordance with law;

    d.    That this Court grant the United States of America such other relief the Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

By: _____
JOHN W. SELLERS
SENIOR TRIAL ATTORNEY
U.S. Department of Justice
Criminal Division
Asset Forfeiture and
  Money Laundering Section
1400 New York Avenue, N.W., Suite 10100
Washington, D.C. 20530
(202) 514-1263

## **VERIFICATION**

I, Karen J. Powers, Task Force Officer, Drug Enforcement Administration, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Complaint for Forfeiture *In Rem* is based upon my personal knowledge and reports and information furnished to me by the U.S. Drug Enforcement Administration and everything contained herein is true and correct to the best of my knowledge and belief.

Executed on Friday, September 21, 2007

Karen J. Powers
Drug Enforcement Administration
Criminal Investigations