IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Department of Justice<br>1400 New York Ave, Bond Bldg.<br>Washington, DC  20530<br><br>              Plaintiff,<br><br>v.<br><br>PROCEEDS OF DRUG TRAFFICKING<br>TRANSFERRED TO SWISS<br>BANK ACCOUNTS<br><br>              Defendants. | Case No. 1:07-cv-01754-JR<br>Judge: James Robertson<br>Deck Type: General Civil |

## UNITED STATES OF AMERICA'S FOLLOW-UP STATUS REPORT

The United States of America, through its undersigned attorney, respectfully submits this status report to appraise the Court of the current status of this litigation.

## I. PROCEDURAL BACKGROUND

This is a civil action *in rem* brought to enforce the provisions of 18 U.S.C. § 981 (a)(1)(A), which provides for the forfeiture of any property involved in, or traceable to property involved in, a violation of the anti-money laundering provisions of 18 U.S.C. § 1956 and 1957.  The Defendant properties in this action are funds on deposit in foreign bank accounts (hereinafter referred to as the "Defendant properties" or "Defendant bank accounts") and are subject to forfeiture in the United States pursuant to 18 U.S.C. § 981(a)(1)(A), because the funds in said bank accounts were involved in transactions or attempted transactions in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i), 1956(h), and 1957 (money laundering).  The Defendant properties are more particularly described as follows:

      a. Bank account number 24286 at AEBI Geneva held in the name of Bisa Trading, SA in Geneva, Switzerland.

      b. Bank account number *90543* BRE at Bank Vontobel AG held in the name of Bisa Trading, SA (or Bisa Trading Inc.) in Zurich, Switzerland.

      c. Bank account number 230-410.588 at UBS AG held in the name of Bisa Trading, SA in Zurich, Switzerland.

      d. Bank account number 206-227.45 8 at UBS AG held in the name of Finch Corporation in Zurich, Switzerland.

On October 1, 2007, Plaintiff filed a verified complaint for forfeiture *in rem* against proceeds of drug trafficking transferred to the Defendant bank accounts located in Switzerland. On October 1, 2007, this Court issued a warrant of arrest *in rem* for specified funds located in the Defendant bank accounts, authorizing the arrest or seizure of the properties described in the warrant. The United States submitted the complaint and arrest warrant to the proper authorities in Switzerland, and the Defendant accounts have been restrained on behalf of the Court pending further orders.

Notice of Forfeiture was subsequently made on three occasions via publication in the Daily Washington Law Reporter on October 22, 2007, October 29, 2007, and November 5, 2007. Notice of forfeiture of the Defendant accounts was given to counsel for the owner of the Defendant bank accounts via telephone in January 2007. There are no pending claims to the Defendant properties, and any other third-party interests are barred by failure to file a timely claim.

On June 16, 2008, the government filed a status report with this Court stating that the United States was negotiating with the beneficial owner of the accounts to resolve the forfeiture

allegations by and through expected criminal proceedings to be brought against the beneficial owner.

## II. STATUS OF CLAIMS

No ownership claims have been filed as to the Defendant bank accounts. In negotiations with the United States, counsel for the beneficial owner of the Defendant bank accounts has acknowledged that the beneficial owner will not file a claim with the Court as to the Defendant bank accounts, in part because he is a fugitive on two indictments issued in 1993 and 1994 in the Southern District of Florida on money laundering and racketeering violations. Negotiations with the fugitive beneficial owner of the defendant accounts have been taking longer than expected due to substantial revisions proposed by defense counsel to the terms of the original plea offer. The Asset Forfeiture and Money Laundering Section (AFMLS) is now reviewing a final offer to be given to the defendant within the next few days. AFMLS will give the defendant two weeks to decide whether or not he will accept the final offer, voluntarily surrender to the United States, and agree to the criminal forfeiture of the funds at issue in the instant action.

THEREFORE, the United States respectfully submits the above status report.

Respectfully submitted,

RICHARD WEBER
Chief, Asset Forfeiture and Money Laundering Section

By: *[signature]*
JOHN W. SELLERS
Senior Trial Attorney
U.S. Department of Justice
Asset Forfeiture and
   Money Laundering Section
1400 New York Ave., NW, Suite 10100
Washington, DC 20530
(202) 514-1263

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2008 I caused a copy of the foregoing Status Report to be served on counsel for the beneficial owner of Defendant bank accounts via Federal Express, postage pre-paid:

Jeffrey S. Weiner
The Law Offices of Weiner & Ratzan, P.A.
Two Datran Center
Suite 1910
9130 South Dadeland Boulevard
Miami, Florida 33156
Phone: 305 670.9919
Fax: 305 670.9299


_____
JOHN W. SELLERS
Trial Attorney
U.S. Department of Justice
Criminal Division
Asset Forfeiture and
   Money Laundering Section
1400 New York Ave., NW, Suite 10100
Washington, DC 20530
(202) 514-1263